UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD G. FRIES, JR.,

    Plaintiff,

v.                                                                   CASE NO. 3:17-cv-324-J-20MCR

ANGELA COREY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Amended Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). (Docs. 8, 9.) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

**I.    Background**

On March 22, 2017, Plaintiff filed a Complaint along with an Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1, 2.) The

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed finding and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Court denied the Application for Plaintiff's failure to notarize the Application and for failure to state a claim on which relief may be granted. (Doc. 7 at 2.) The Court instructed Plaintiff to file an amended complaint on or before August 11, 2017, that complies with the Order and all applicable rules and law. (Doc. 7 at 5.) Specifically, the Court noted Plaintiff's conclusory and insufficient allegations, and Plaintiff's failure "to allege the grounds for the Court's jurisdiction as required in Federal Rule of Civil Procedure 8(a)." (Doc. 7 at 4.) Plaintiff was "cautioned that the Court will not rewrite the Complaint or any amended complaint to find a claim," and that his failure to comply with the Order "will likely result in a recommendation to the District Judge that the Application be denied and/or that this case be dismissed." (Doc. 7 at 5.) On August 8, 2017, Plaintiff filed an Amended Complaint along with the Application. (Doc. 8, 9.) Plaintiff sufficiently completed the "Long Form" Application and had the Application notarized. (Doc. 9.) However, as explained further herein, the undersigned recommends dismissal, as the Amended Complaint suffers from the same defects as the Initial Complaint.

**II.    Standard**

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is

discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* A complaint must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F. 3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)).

A complaint must contain a short and plain statement of the claim showing that a plaintiff is entitled to relief, which means that Plaintiff must include a short and plain statement of facts in support of his claims. *See* Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.* A complaint must also include a demand for the relief that Plaintiff hopes to obtain at the end of the litigation, and a statement of the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a).

Additionally, the Court must *sua sponte* dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); s*ee also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam) ("If at any time the district court determines that it lacks subject matter jurisdiction, the court must dismiss the action.") (internal quotation marks omitted); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and

> defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted). "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous." *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted). A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* at 470-71 (internal quotation marks omitted).

### III. Discussion

Plaintiff's Amended Complaint does not meet the requirements of a short and plain statement showing that Plaintiff is entitled to relief, nor does it include "a statement of the grounds for the Court's jurisdiction." Fed. R. Civ. P. 8(a). The "Amended Complaint" essentially adds one section of confusing allegations that appears to discuss what charges should have been brought by Angela Corey against certain Defendants, without further explanation. (Doc. 8 at 2.) Not surprisingly, then, the Amended Complaint, like the Initial Complaint, contains factual allegations that are disjointed, disorganized, and incomprehensible.

Once again, Plaintiff seeks:

$2.5 MILLION USD DOLLARS . . . FOR BUT NOT LIMITED TO;
[1] DESTRUCTION OF PROPERTY: TOOTH #10
[2] DESTRUCTION OF PROPERTY: TOOTH #8
[3] FAULTY, SUBSTANDARD WORK: IMPLANT #9 OFF-CENTER, PLACED ON ANGLE = CROWN WILL NOT SEAT/SEAL
[4] CHARGED FOR "BONE PLACEMENT - NOT DONE
[5] BLOTCHED DENTAL WORK FOR PROFIT
[6] COERCE, TRICKERY, DECEPTION
[7] EXTORTION=: YOU NEED TO HAVE ALL YOUR TEETH DONE!"
[8] BAIT AND SWITCH; #9 TEETH ONLY TO BE FIXED, RESTORED
[9] ASSEMBLEY [sic] DESTRY [sic]
[10] USURY= TAKING ADVANTAGE OF OTHERS' MISFORTUNES
[11] MISLEADING PATIENTS FOR FINANCIAL GAIN
[12] NEEDLESS TREATMENTS: TOOTH [sic] #10 & #8
[13] PAINFUL, DANGEROUS AND DISFIGURING WORK/SURGERY
[14] CONFIDENCE TRICK

(Doc. 8 at 3-4.) After making these vague and conclusory claims, Plaintiff provides what appears to be a summary of events surrounding a consultation with dentist Robert E. Karol. (Doc. 8 at 4-5.) The allegations made by Plaintiff are extremely difficult to comprehend. Plaintiff asserts a second list of claims, without further explanation, for:

$2.5 MILLION USD DOLLARS . . . FOR BUT NOT LIMITED TO;
[1] DISTRUCTION [sic] OF PROPERTY, BRIDGE #7, #8, #9, #10
[2] DSTRUCTION [sic] OF PROPERTY; ALL REAL TEETH- #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28, #29, #30, #31, #32
[3] FAULTY, SUBSTANDARD WORK
[4] BLOTCHED DENTAL WORK FOR PROFIT
[5] COERCE, TRICKERY, DECEPTION
[6] EXTORCTION [sic]
[7] BAIT AND SWITCH- BRIDGE

[8] ASSEMBLEY [sic] DESTRY [sic]
[9] MISLEADING PATIENT[S] FOR FINANCIAL GAIN
[10] USERY [sic]- TAKING ADVANTAGE OF OTHERS' MISFORTUNES
[11] NEEDLESS TREATMENTS- CUTTING ALL REAL TEETH
[12] PAINFUL, DANGEROUS AND DISFIGURING WORK/SURGERY
[13] CUTTING UPPER GUM OFF / [#7, #8, #9, #10] to fit bridge
    [Will need skin-graft to repair]
[14] CONFIDENCE TRICK
[15] MUSSLE [sic] PAIN FROM OVER-BITE-24/7 EVERY DAY
[16] CREDIT CARD PAYMENTS

DUE TO BUT NOT LIMITED TO:

ORANGE PARK DENTAL, M.T. McClure, dental blotch, deliberately

Cutting Approximately 3 MM. off my REAL TEETH [2008] and distorting new bridge [7, 8,9, & 10, paid $4,500.00 with credit card[s]]

> I have had consent [sic] pain from over-bite, trouble talking- speech problems, bad taste, jaw pain, stress, bad mood[s], trouble concentrating, biting inner jaw, Headaches and [sic] etc.

(Doc. 8 at 6-8.)

Above his first list of claims, Plaintiff stated "TO THE DEPARTMENT OF JUSTICE, SPECIAL LITIGATION SECTION, CIVIL RIGHTS DIVISION." (Doc. 8 at 3.) Above the second list of claims, Plaintiff stated "RICHARD G FRIES -v- THE STATE of FLORIDA, UNITED STATES, THE DEPARTMENT OF JUSTICE, VICTIMS UNIT." (Doc. 8 at 6.) He does this, despite removing the State of Florida from the caption. (Doc. 8 at 1.) It is unclear what causes of action Plaintiff is attempting to bring against any of the Defendants. Plaintiff appears to

be complaining about his treatment by several dentists, but even when construed liberally, Plaintiff fails to indicate how the alleged treatment rises to a cause of action. Plaintiff's claims as pled are insufficient to state a cause of action on which relief may be granted

In addition to Plaintiff's failure to give a short and plain statement upon which relief can be granted, Plaintiff failed to follow the Court's directions that he adequately allege grounds for the Court's jurisdiction as required in Federal Rule of Civil Procedure 8(a). Namely, Plaintiff fails to show how his claim is brought under federal (as opposed to state) law or how the parties are diverse for purposes of subject matter jurisdiction. (Doc. 7 at 4); *Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam).

Because Plaintiff failed to follow the Court's instructions and to submit an amended complaint in compliance with the prior Order, the Court may *sua sponte* dismiss the action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). The undersigned recommends such result here.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 9**.) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 14, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff